UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JUSTIN G. KENNAWAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:22-cv-00036-JDL |
| | ) |
| SHAWN GILLEN, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

ORDER ON THE RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE

Plaintiff Justin G. Kennaway, who is an inmate at the Aroostook County Jail and is proceeding pro se, filed a complaint (ECF No. 1) against Sheriff Shawn Gillen, Craig Clossey, and Joseph Tompkins (employees of the Aroostook County Sheriff's Department) and Alison Willette (an employee at the Aroostook County Jail), alleging violations of his Eighth and Fourteenth Amendment rights under 42 U.S.C.A. § 1983 (West 2022).  United States Magistrate Judge John C. Nivison filed his Recommended Decision (ECF No. 6) on February 18, 2022, pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West 2022) and Fed. R. Civ. P. 72(b), which recommends that the Court dismiss the complaint.  Kennaway filed an objection (ECF No. 7) on March 7, 2022.

I have reviewed and considered the Recommended Decision, together with the entire record, and have made a de novo determination of all matters adjudicated by the Magistrate Judge.  With one exception, I concur with the Recommended Decision for the reasons stated therein.  Kennaway has alleged additional facts in his objection

1

to the Recommended Decision that, in combination with the allegations contained in the complaint, state a plausible claim for relief against the defendants, in their official capacities only, for a violation of Kennaway's Eighth Amendment rights on the basis of the denial of adequate medical care.

Jails are required under the Eighth Amendment to attend to an inmate's "serious medical needs," including medical needs that have "been diagnosed by a physician as mandating treatment." *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990). Denial of medical care marked by "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs" violates the Eighth Amendment. *Feeney v. Corr. Med. Servs., Inc.*, 464 F.3d 158, 161 (1st Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The complaint alleges that the defendants failed to address Kennaway's medical issues that resulted from Kennaway having to sleep on a steel bunk for the first five days of his confinement because a mattress was not available for him. In his objection, Kennaway contends that he was examined by the jail's physician, who determined that Kennaway had significant damage to his rotator cuff and substantial loss of mobility to the front, back, and both sides of one of his shoulders, and that without proper treatment the injury would lead to severe permanent damage. Kennaway asserts in his objection that the physician ordered that two mattresses be provided to him and that the physician stated that further tests are required to determine the appropriate course of treatment. He alleges that, to date, he has not received the second mattress and that no additional testing or treatment has been

performed or provided. These facts were not alleged in the complaint. Because Kennaway has allegedly been diagnosed with serious medical needs mandating treatment that he has not received, he states a plausible claim for deliberate indifference. It is appropriate to afford Kennaway, as a self-represented litigant, the opportunity to amend his complaint to assert the additional facts set forth in his objection.

It is therefore **ORDERED** that the Recommended Decision (ECF No. 6) of the Magistrate Judge is hereby **ACCEPTED IN PART**. The complaint is **DISMISSED IN PART** with respect to Kennaway's (1) Eighth Amendment claim based on the temporary deprivation of a mattress, and (2) Fourteenth Amendment due process claim. The Recommended Decision is **DENIED IN PART** with respect to Kennaway's Eighth Amendment claim based on the alleged refusal of jail personnel to provide adequate medical care.

It is further **ORDERED** that Kennaway must file within twenty (20) days an amended complaint that includes the additional factual allegations provided in his objection (ECF No. 7) in support of his sole surviving claim alleging that jail personnel refused to provide adequate medical care to him, in violation of the Eighth Amendment.

**SO ORDERED.**

**Dated this 13th day of April, 2022.**

                                                    /s/ Jon D. Levy
                                      **CHIEF U.S. DISTRICT JUDGE**