UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JUSTIN G. KENNEWAY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:22-cv-00036-JDL |
| | ) | |
| SHAWN GILLEN, et al. | ) | |
| | ) | |
| Defendants | ) | |

## RECOMMENDED DECISION ON
## DEFENDANT WILLETTE'S MOTION TO DISMISS

Plaintiff, an inmate at the Aroostook County Jail, alleges the defendants violated his constitutional rights by failing to provide him sufficient medical care. (Amended Complaint, ECF No. 9.)

Defendant Willette moves to dismiss Plaintiff's claims against her. (Motion, ECF No. 20.) Plaintiff did not file a response to the motion.[1] Following a review of the motion and the record, I recommend the Court grant the motion.

---

[1] District of Maine Local Rule 7(b) provides that a party's failure to oppose a motion is deemed to be a waiver of objection to the motion. When the Court is asked to assess the merits of a claim on a motion to dismiss, however, the failure to file an opposition is not necessarily determinative. *See*, *e.g.*, *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 145 (1st Cir. 2004) ("[A] court may not automatically treat a failure to respond to a 12(b)(6) motion as a procedural default."); *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 41 (1st Cir. 2003) ("If the merits are at issue, the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim.")

## BACKGROUND

The facts set forth below are derived from Plaintiff's amended complaint. (ECF No. 9.)[2] Plaintiff's factual allegations are deemed true when evaluating a motion to dismiss. *McKee v. Cosby*, 874 F.3d 54, 59 (1st Cir. 2017).

Plaintiff entered the Aroostook County Jail on August 1, 2021, as a pretrial detainee. (Amended Complaint ¶ IV(C)). He asserts that for the first five days of his confinement, he had no mattress and he slept on a steel bedframe until a mattress was provided on August 6, 2021.[3] (*Id.* ¶ IV(D)). Plaintiff contends that during the time he was without a mattress, he was "visibly sick," and that subsequently he developed constant pain in his shoulders, neck, and elbow. (*Id.*) A doctor examined Plaintiff and noted rotator cuff damage in both shoulders and loss of mobility. (*Id.* ¶¶ IV(D), V.) The doctor prescribed pain medication, and told Plaintiff he needed a double mattress to help alleviate his shoulder discomfort. (*Id.* ¶ IV(D).) The doctor informed Plaintiff that the damage to his rotator cuffs could result in "frozen shoulder" and require surgery. (*Id.* ¶ V.) Plaintiff requested a double mattress multiple times, but the jail has not provided one. (*Id.*)

---

[2] In its order on Plaintiff's objection to the recommendation to dismiss Plaintiff's complaint after a preliminary review, the Court found that based on the additional facts Plaintiff included in his objection, Plaintiff alleged a plausible claim for deliberate indifference, "based on the alleged refusal of jail personnel to provide adequate medical care." (Order on the Recommended Decision of the Magistrate Judge (Order) at 2-3, ECF No. 8; *see also* Recommended Decision After Review of Complaint, ECF No. 6; Objection to Recommended Decision., ECF No. 7.) The Court ordered Plaintiff to file an amended complaint "that includes the additional factual allegations" from Plaintiff's objection. (Order at 3.)

[3] In a separate filing, Plaintiff stated that he was segregated in the cell for twenty-three hours a day, and complained daily to jail personnel of the severe pain in his neck and shoulders due to the lack of a mattress. (*See* Objection to Recommended Decision at 1.)

Plaintiff has joined Defendant Willette, a nurse at the jail, as a party in her official capacity. (*Id.* ¶ I(B)(4).) Plaintiff does not allege any facts specific to Defendant Willette. He alleges "[t]he defendants are being named due to their deliberate indifference in their oversight and policy making which resulted in a violation of my 8th amendment rights, on the basis of the denial of adequate medical care." (*Id.* ¶ II(D).)

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted." In its assessment of the motion, a court must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)). To overcome the motion, a plaintiff must establish that his or her allegations raise a plausible basis for a fact finder to conclude that the defendant is legally responsible for the claim at issue. *Id.* The complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard." *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). Federal Rule of Civil Procedure 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-

00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## DISCUSSION

The Court's jurisdiction over Plaintiff's claims is based on 42 U.S.C. § 1983, which provides a civil action to any person deprived of a federal right by a state actor. Pursuant to § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

To maintain a § 1983 action against individuals who exercise state authority, Plaintiff must assert a claim that describes a deprivation of a federal right. *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979). Plaintiff contends the defendants violated his rights under the Eighth Amendment Cruel and Unusual Punishments Clause. Because Plaintiff is "a pretrial detainee rather than a convicted inmate, the Fourteenth Amendment governs his claim." *Ruiz-Roca v. Rullan*, 485 F.3d 150, 155 (1st Cir.2007). The Eighth Amendment, which prohibits cruel and usual punishments, governs prisoners' medical needs after conviction, and the Due Process Clause of the Fourteenth Amendment imposes similar obligations while prisoners are in pre-trial custody. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243 (1983). The standard applied under the Fourteenth Amendment is the same as the Eighth Amendment standard regarding deliberate indifference claims. *Burrell v. Hampshire County*, 307 F.3d 1, 7 (1st Cir. 2002). The

Fourteenth Amendment, "provides at least as much protection for pretrial detainees as the Eighth Amendment provides for convicted inmates." *Ruiz-Roca*, 485 F.3d at 155 (citing *City of Revere*, 463 U.S. at 244).

A party can pursue a claim against a state official in the official's official and personal capacities. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Kentucky v. Graham,* 473 U.S. 159, 165 (1985). Plaintiff purports to sue Defendant Willette in her official capacity.

An official capacity claim is not treated as a claim against the official, but it is considered a claim against the official's office. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). A suit against "an official in an official capacity is tantamount to a suit against the entity of which the official is an agent." *Burrell*, 307 F.3d at 7. Here, the entity of which Defendant is alleged to be an agent is the Aroostook County Jail.[4] *See id*. For the jail to be liable for a constitutional deprivation, the record must include evidence that a jail policy, custom, or practice caused the deprivation. *Will*, 491 U.S. at 71; *Bd. of Cty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997). Plaintiff has not identified a jail policy or custom that resulted in the alleged deprivation of his constitutional rights. Rather, as to Defendant Willette, Plaintiff's complaint consists of the conclusory allegation that she and the other defendants are liable in their official capacities "due to their deliberate indifference in their oversight and policy making which resulted in a violation of my 8th amendment rights, on the basis of the denial of adequate medical care." (Amended

---

[4] Defendant asserts that she works for a private entity that provides medical services to the Aroostook County Jail. (Motion at 4 n.2.) Such entities are generally treated as municipalities (as are jails) for purposes of section 1983 claims. *See Wall v. Dion*, 257 F. Supp. 2d 316, 319-20 (D. Me. 2003); *see also Witham v. Corizon, Inc.*, No. 2:12-cv-00146-NT, 2012 WL 5267657, at *7 & n.4 (D. Me. Sep. 17, 2012).

5

Complaint, ¶ II(D).)  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  "Though … pro se complaints are to be read generously, allegations … must nevertheless be supported by material facts, not merely conclusory statements." *Slotnick v. Garfinkle*, 632 F.2d 163, 165 (1st Cir. 1980) (citation omitted).  Plaintiff's amended complaint lacks any material facts that would support an official capacity claim against Defendant Willette.

Even if the Court construed Plaintiff's amended complaint as an attempt to allege a personal capacity claim, dismissal would be appropriate.  A "personal capacity" claim under section 1983 is not directed at the state office, but it is asserted against the individual defendant personally.[5]  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  "[T]o establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right."  *Graham*, 473 U.S. at 166 (emphasis in original); *Saldivar v. Racine*, 818 F.3d 14, 18 (1st Cir. 2016); *see* 42 U.S.C. §1983.  "Prison officials have a duty to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates."  *Giroux v. Somerset Cnty.*, 178 F.3d 28, 31 (1st Cir. 1999) (citations and quotation marks omitted).  To establish constitutional liability, a plaintiff must satisfy an objective standard by

---

[5] "Personal capacity" claims are referred to, interchangeably, as "individual capacity" claims.  *See, e.g., Lane v. Franks*, 134 S. Ct. 2369, 2383 (2014); *Goldstein v. Galvin*, 719 F.3d 16, 23 (1st Cir. 2013).

showing he or she was "incarcerated under conditions posing a substantial risk of serious harm," and a plaintiff must satisfy a subjective standard by showing that the defendant "acted, or failed to act, with 'deliberate indifference to inmate health or safety.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834).

To satisfy the objective prong, a plaintiff "must show that []he has a serious medical need for which she [or he] has received inadequate treatment." *Kosilek v. Spencer*, 774 F.3d 63, 85 (1st Cir. 2014). For a medical condition to be objectively "serious," there must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'" *Farmer*, 511 U.S. at 843 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)).

Here, the alleged deliberate indifference is the failure to provide Plaintiff with the care recommended by a physician – specifically, a second mattress. Plaintiff does not allege any facts regarding Defendant Willette's conduct. For instance, Plaintiff does not allege Defendant Willette had the ability to secure a second mattress and failed to do so or that she directed the jail not to provide a second mattress to Plaintiff. Instead, Plaintiff's complaint consists of allegations that reference the defendants collectively. While Plaintiff might have alleged facts that would support a finding that he has a serious medical need for which he has received inadequate care by someone for failing to provide a second mattress, Plaintiff has not satisfied the objective prong as to Defendant Willette because he has not alleged facts that would support a finding that she provided inadequate care.

Under the subjective prong, "a plaintiff must show 'that prison officials possessed a sufficiently culpable state of mind, namely one of deliberate indifference to an inmate's health or safety.'" *Perry*, 782 F.3d at 78 (quoting *Leavitt*, 645 F.3d at 497). "For purposes

7

of this subjective prong, deliberate indifference 'defines a narrow band of conduct,' and requires evidence that the failure in treatment was purposeful." *Kosilek*, 774 F.3d at 83. (citation omitted) (quoting *Feeney*, 464 F.3d at 162); *see Perry*, 782 F.3d at 79 (stating that deliberate indifference "requires evidence that the absence or inadequacy of treatment is intentional"). Even if Plaintiff's allegations against the defendants collectively were deemed to satisfy the objective standard as to a claim against Defendant Willette, Plaintiff has alleged no facts from which a reasonable inference could be drawn that Defendant Willette acted purposefully in denying Plaintiff a second mattress.

## CONCLUSION

Based on the foregoing analysis, I recommend that the Court grant Defendant's motion to dismiss, and that the Court dismiss Plaintiff's claims against Defendant Willette.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of September, 2022.

8