UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JUSTIN G. KENNAWAY,         )<br>                             )<br>    Plaintiff,               )<br>                             )<br>        v.                   )<br>                             )<br>SHERIFF SHAWN GILLEN, et al., )<br>                             )<br>                             )<br>    Defendants.              ) | 1:22-cv-00036-JDL |

ORDER ACCEPTING THE RECOMMENDED DECISION OF THE
MAGISTRATE JUDGE

Plaintiff Justin G. Kennaway, proceeding pro se, filed a Complaint (ECF No. 1) on February 7, 2022, against Defendants Sheriff Shawn Gillen, Craig Clossey and Joseph Tompkins (employees of the Aroostook County Sheriff's Department) in their official capacities, and Alison Willette (a nurse at the Aroostook County Jail) in her individual capacity.[1] As a pretrial detainee at the Aroostook County Jail, Kennaway claimed that for the first five days of his detention, he was forced to sleep on a steel bunkbed with no mattress, allegedly resulting in injuries to his back, neck, and shoulders. His first Complaint alleged violations of the Eighth and Fourteenth Amendments under 42 U.S.C.A. § 1983 (West 2022). The first Complaint was subject to screening under 28 U.S.C.A. § 1915(e)(2)(B) (West 2022) and 28 U.S.C.A. § 1915(A)(a), and Magistrate Judge John C. Nivison issued a Recommended Decision

---

[1] In Kennaway's Amended Complaint (ECF No. 9), the operative complaint here, he indicates that Defendant Willette is being sued in her official capacity.

1

(ECF No. 6) recommending that Kennaway's first Complaint be dismissed for failure to state a claim. Kennaway filed a timely objection with additional factual allegations that (1) the Defendants delayed in providing medical care to him after they deprived him of a mattress, (2) the Defendants refused to provide him with a second mattress as recommended by the facility's doctor,[2] and (3) the Defendants refused to provide further treatment and testing as recommended by the doctor (ECF No. 7). On April 13, 2022, I accepted Judge Nivison's Recommended Decision in part, but allowed Kennaway the opportunity to amend his complaint to include these additional factual allegations (ECF No. 8). Kennaway filed an Amended Complaint (ECF No. 9) on May 4, 2022.

On August 16, 2022, Defendant Willette filed a Motion to Dismiss for Failure to State a Claim (ECF No. 20), arguing that Kennaway has not set forth plausible claims against her in either an official or individual capacity because his Amended Complaint "does not contain any factual allegations specific to [her], nor does it contain any factual allegations specific to municipal/entity liability." ECF No. 20 at 2. She also contends that Kennaway does not have a plausible claim for relief under the Eighth Amendment, and that he fails to "set forth **facts** that link each defendant 'to the grounds on which that defendant is potentially liable.'" ECF No. 20 at 6-7 (emphasis in original) (quoting *Redondo Waste Sys. V. López-Freytes*, 659 F.3d 136, 140 (1st Cir. 2011)).

---

[2] Kennaway alleges that the facility provided him with one mattress after his medical exam.

Kennaway did not file an opposition to the motion. On September 29, 2022, Judge Nivison filed his Recommended Decision on the Motion to Dismiss (ECF No. 21), pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West 2022) and Fed. R. Civ. P. 72(b). Judge Nivison recommended that the Court grant Willette's Motion to Dismiss because Kennaway failed to "identify a jail policy or custom that resulted in the alleged deprivation of his constitutional rights," which is required for claims against state officials in their official capacity. ECF No. 21 at 5. Judge Nivison noted that Kennaway's only conclusory allegation regarding the Defendants' liability for his injuries is that "[they] are being named due to the deliberate indifference in their oversight and policy making which resulted in a violation of my 8th amendment rights, on the basis of the denial of adequate medical care."[3] *Id.* at 5 (quoting ECF No. 9 at 4). To the extent that Kennaway intended to bring claims against Willette in her individual capacity, Judge Nivison concluded that Kennaway does not allege any causal connection between Willette's conduct and the alleged deprivation of a constitutional right, which is required for deliberate indifference claims.

The Court has mailed copies of both the Motion to Dismiss and the Recommended Decision to Kennaway at his last known address, the Aroostook County Jail, but the mail was returned as undeliverable and unable to forward on October 14, 2022 (ECF No. 23). The time within which to file objections has expired,

---

[3] Judge Nivison clarified that the Fourteenth Amendment governs Kennaway's claim because he is a pretrial detainee, but that "[t]he standard applied under the Fourteenth Amendment is the same as the Eighth Amendment standard regarding deliberate indifference." ECF No. 21 at 4.

and no objections have been filed. The Magistrate Judge provided notice that a party's failure to object would waive the right to *de novo* review and appeal.

I have reviewed and considered the Recommended Decision, together with the entire record, and have made a *de novo* determination of all matters adjudicated by the Magistrate Judge. I concur with the recommendations of the Magistrate Judge for the reasons set forth in his Recommended Decision and determine that no further proceeding is necessary.

It is therefore **ORDERED** that the Recommended Decision (ECF No. 21) of the Magistrate Judge is hereby **ACCEPTED**. It is further **ORDERED** that Defendant Willette's Motion to Dismiss (ECF No. 20) is **GRANTED** and Plaintiff Kennaway's Amended Complaint (ECF No. 9) is **DISMISSED** as to all claims brought against Defendant Willette.

SO ORDERED.

Dated this 23rd day of December, 2022.

/s/ Jon D. Levy
**CHIEF U.S. DISTRICT JUDGE**