UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JUSTIN G. KENNAWAY, | ) |
| Plaintiff | ) ) ) ) |
| v. | ) 1:22-cv-00036-JDL |
| SHAWN GILLEN, et al., | ) ) ) ) |
| Defendants. | ) |

## RECOMMENDED DECISION ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff, an inmate at the Aroostook County Jail, alleges the defendants violated his constitutional rights by failing to provide inadequate medical care. (Amended Complaint, ECF No. 9.)

Defendants Gillen, Clossey, and Tompkins, officials with the Aroostook County Sheriff's office, move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and District of Maine Local Rule 7. (Motion, ECF No. 27.) Plaintiff did not file a response to the motion.

Following a review of the motion of the motion and the record, I recommend the Court grant the motion.

### BACKGROUND[1]

Plaintiff entered the Aroostook County Jail on August 1, 2021, as a pretrial detainee. (Amended Complaint ¶ IV(C)). He asserts that at the start of his confinement, he had no

---

[1] The facts set forth below are derived from Plaintiff's amended complaint. (ECF No. 9.)

mattress and he slept on a steel bedframe until a mattress was provided on August 6, 2021. (*Id.* ¶ IV(D)). Plaintiff contends that during the time he was without a mattress, he was "visibly sick," and that subsequently he developed constant pain in his shoulders, neck, and elbow. (*Id.*) A doctor examined Plaintiff and noted rotator cuff damage in both shoulders and loss of mobility. (*Id.* ¶¶ IV(D), V.) The doctor prescribed pain medication and told Plaintiff he needed a double mattress to help alleviate his shoulder discomfort. (*Id.* ¶ IV(D).) The doctor informed Plaintiff that the damage to his rotator cuffs could result in "frozen shoulder" and require surgery. (*Id.* ¶ V.) Plaintiff requested a double mattress multiple times, but the jail did not provide one. (*Id.*)

Plaintiff alleges "[t]he defendants are being named due to their deliberate indifference in their oversight and policy making which resulted in a violation of my 8th amendment rights, on the basis of the denial of adequate medical care." (*Id.* ¶ II(D).)

## LEGAL STANDARD

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is "ordinarily accorded much the same treatment" as a motion to dismiss for failure to state a claim. *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 54 (1st Cir. 2006). To survive a Rule 12(c) motion, as with a 12(b)(6) motion, "a complaint must contain factual allegations that 'raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.'" *Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**DISCUSSION**

A.  **Plaintiff's Failure to Respond to the Motion**

Generally, a plaintiff's lack of objection to a dispositive motion "does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim." *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 41 (1st Cir. 2003); *see also Moore v. Doe¸* 2:21-cv-00220-JAW, 2022 WL 684383 at *1 (D. Me. Mar. 8, 2022) (assessing the merits of the complaint and motion to dismiss to be confident "that equity would not be offended by the dismissal"). However, "[w]hen a district court has promulgated a local rule, such as the District of Maine's Local Rule 7(b), which requires a party to file a written objection to any motion, it is within the district court's discretion to dismiss an action based on a party's unexcused failure to respond to a dispositive motion." *Parham v. Pelletier*, No. 2:11-cv-00435-DBH, 2012 WL 987336 at *3 (D. Me. Mar. 21, 2012). The discretion is limited to dismissing cases "when the result does not clearly offend equity" or "conflict with a federal rule." *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 145 (1st Cir. 2004) (quoting *NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 7 (1st Cir. 2002)).

The record reflects that multiple notices sent to Plaintiff at the Aroostook County Jail were returned as undeliverable. Before Defendants filed this motion, the Recommended Decision on Defendant Willette's motion to dismiss forwarded to Plaintiff at the Aroostook County Jail was returned with a notation "NOT HERE." (ECF No. 23.) Because Defendants served Plaintiff with the motion by sending it to him at the Aroostook

3

County Jail (Certificate of Service, PageID #: 101), Plaintiff presumably did not receive a copy of the motion.

Parties to litigation have a duty to inquire periodically regarding the status of the litigation and to keep the court informed of their current address and contact information. *United States v. Guerrero*, 302 Fed. App'x 769, 771 (10th Cir. 2008); *Lewis v. Hardy*, 248 Fed. App'x 589, 593 (5th Cir. 2007) (per curiam); *Carvel v. Durst*, No. 1:09-cv-06733, 2014 WL 787829, at *1 n.5 (S.D.N.Y. Feb. 25, 2014); *Am. Arbitration Ass'n, Inc. v. Defonseca*, No. 1:93-cv-02424, 1997 WL 102495, at *2 (S.D.N.Y. Mar. 6, 1997) ("[A] litigant's obligation to promptly inform the Court and the opposing party of an address change is a matter of common sense, not legal sophistication.")  Plaintiff has not provided the court with a new address.  Because nearly eleven months have elapsed since the first document – the Recommended Decision on Defendant Willette's motion to dismiss – was returned as undeliverable, Plaintiff has had more than enough time to notify the court of his new address.  His failure to do so can reasonably be interpreted as a lack of regard for the court process or a lack of interest in prosecuting the matter.  Under the circumstances, dismissal based on Plaintiff's failure to respond would not offend equity.

**B.      Plaintiff's Deliberate Indifference Claim**

Dismissal is also warranted if the Court were to assess the merits of the motion.

The Court's jurisdiction over Plaintiff's claim is based on 42 U.S.C. § 1983, which provides a civil action to any person deprived of a federal right by a state actor. Pursuant to § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

To maintain a § 1983 action against individuals who exercise state authority, Plaintiff must assert a claim that describes a deprivation of a federal right. *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979). Plaintiff contends the defendants violated his rights under the Eighth Amendment Cruel and Unusual Punishments Clause. Because Plaintiff is "a pretrial detainee rather than a convicted inmate, the Fourteenth Amendment governs his claim." *Ruiz-Roca v. Rullan*, 485 F.3d 150, 155 (1st Cir.2007). The Eighth Amendment, which prohibits cruel and usual punishments, governs prisoners' medical needs after conviction, and the Due Process Clause of the Fourteenth Amendment imposes similar obligations while prisoners are in pre-trial custody. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243 (1983). The standard applied under the Fourteenth Amendment is the same as the Eighth Amendment standard regarding deliberate indifference claims. *Burrell v. Hampshire County*, 307 F.3d 1, 7 (1st Cir. 2002). The Fourteenth Amendment, "provides at least as much protection for pretrial detainees as the Eighth Amendment provides for convicted inmates." *Ruiz-Roca*, 485 F.3d at 155 (citing *City of Revere*, 463 U.S. at 244).

A party can pursue a claim against a state official in the official's official and personal capacities. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Kentucky v. Graham,* 473 U.S. 159, 165 (1985). Plaintiff purports to sue Defendants Gillen, Clossey, and Tompkins in their official capacities. An official capacity claim is not treated as a claim against the

5

official, but it is considered a claim against the official's office. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). A suit against "an official in an official capacity is tantamount to a suit against the entity of which the official is an agent." *Burrell*, 307 F.3d at 7. Here, each defendant is alleged to be an agent of the Aroostook County Sheriff's office. (Amended Complaint, ¶ I(B)(1)-(3).) For the jail or the county to be liable for a constitutional deprivation, the record must include evidence that a jail policy, custom, or practice caused the deprivation. *Will*, 491 U.S. at 71; *Bd. of Cty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997).

Plaintiff has not identified a jail policy or custom that resulted in the alleged deprivation of his constitutional rights. Rather, Plaintiff's complaint consists of the conclusory allegation that the defendants are liable in their official capacities "due to their deliberate indifference in their oversight and policy making which resulted in a violation of my 8th amendment rights, on the basis of the denial of adequate medical care." (Amended Complaint ¶ II(D).)  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  "Though … pro se complaints are to be read generously, allegations … must nevertheless be supported by material facts, not merely conclusory statements." *Slotnick v. Garfinkle*, 632 F.2d 163, 165 (1st Cir. 1980) (citation omitted). Plaintiff's amended complaint lacks sufficient facts to support an official capacity claim against Defendants Gillen, Clossey, and Tompkins.

Even if the Court construed Plaintiff's amended complaint as an attempt to allege a personal capacity claim, dismissal would be appropriate. A "personal capacity" claim

under section 1983 is not directed at the state office, but it is asserted against the individual defendant personally.[2] *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "[T]o establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Graham*, 473 U.S. at 166 (emphasis in original); *Saldivar v. Racine*, 818 F.3d 14, 18 (1st Cir. 2016); *see* 42 U.S.C. §1983.

"Prison officials have a duty to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Giroux v. Somerset Cnty.*, 178 F.3d 28, 31 (1st Cir. 1999) (citations and quotation marks omitted). To establish constitutional liability, a plaintiff must satisfy an objective standard by showing he or she was "incarcerated under conditions posing a substantial risk of serious harm," and a plaintiff must satisfy a subjective standard by showing that the defendant "acted, or failed to act, with 'deliberate indifference to inmate health or safety.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834).

Even if Plaintiff's amended complaint is construed to allege a serious medical need, Plaintiff has not satisfied the subjective prong of the deliberate indifference standard as to each defendant. Plaintiff has merely referenced the defendants collectively and has not identified each defendant's conduct that constitutes deliberate indifference. Plaintiff,

---

[2] "Personal capacity" claims are referred to, interchangeably, as "individual capacity" claims. *See, e.g., Lane v. Franks*, 134 S. Ct. 2369, 2383 (2014); *Goldstein v. Galvin*, 719 F.3d 16, 23 (1st Cir. 2013).

therefore, has failed to allege facts that would support a finding that any of the defendants acted or failed to act with the requisite "'culpable state of mind.'" *Perry v. Roy*, 782 F.3d 73, 78 (1st Cir. 2015) (quoting *Leavitt v. Corr. Med. Servs.*, 645 F.3d 484, 497 (1st Cir. 2011)).

## CONCLUSION

Based on the foregoing analysis, I recommend that the Court grant Defendant's motion for judgment on the pleadings.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of September, 2023.